IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEHMANL BROTHERS HOLDINGS, INC.,

    Plaintiff,                                  No. CIV S-10-3083 JAM CMK (TEMP)

    v.

SHASTA FINANCIAL SERVICES, INC.

    Defendant.
_____/

       Plaintiff's motion for default judgment was submitted on the papers.  The court's docket reflects that defendant has not filed any opposition to plaintiff's motion for entry of default judgment despite being served with the motion and supporting exhibits.  For the reasons set forth below, the undersigned recommends that plaintiff's motion be granted and that default judgment be entered against defendant.

BACKGROUND

       In the complaint filed November 16, 2010, plaintiff alleges mortgage loans were purchased by Lehman Brothers Bank, FSB ("LBB") from defendant pursuant to a series of written contracts and that the rights of LBB were subsequently assigned to plaintiff.  Plaintiff further alleges that with respect to certain of the mortgages, defendant breached provisions of the

/////

contracts that required it to repurchase those mortgage loans for which the borrower failed to make payments on the mortgage.

The record reflects that defendant was properly served with process on December 5, 2010 and default was entered on January 13, 2011. (Doc. Nos. 9, 13.) On March 18, 2011, plaintiff filed a motion for default judgment. (Doc. No. 16.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the

<mark>2</mark>

Federal Rules of Civil Procedure favoring decisions on the merits.
Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

ANALYSIS

I.  Whether Default Judgment Should Be Entered

  The factual allegations of plaintiff's complaint, taken as true pursuant to the entry of default against defendant, and the affidavits submitted in support of the motion for summary judgment establish that plaintiff is entitled to the relief requested.  The repurchase price of each loan has been appropriately calculated according to the formula set forth in the Seller's Guide that governs the parties' respective rights and responsibilities.  Baker Decl., Exh. A-G.  From the business records submitted by plaintiff, damages in a sum certain are calculable according to a set formula and the amount of damages is $1,993,605.63.

  After weighing the Eitel factors, the undersigned finds that the material allegations of the complaint support plaintiff's claims.  Plaintiff will be prejudiced if default judgment is denied because plaintiff has no other recourse for recovery of the damages suffered due to the defendants' failure to repurchase the subject loans.

  In light of the entry of default against the defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action.  Nor is there any indication that the defendant's default resulted from excusable neglect, as defendant has been properly notified of the pendency of the lawsuit and was served with a copy of the pending motion.

  Although public policy generally favors the resolution of a case on its merits, the defendant's failure to make a proper appearance and defend against plaintiff's claims has made a decision on the merits impossible in this case.  Because most of the Eitel factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be entered against the defaulted defendant.

/////

## II. Terms of Judgment to Be Entered

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment. Upon consideration of all of plaintiff's briefing, the undersigned will recommend that damages be awarded in the amount requested. By its motion for default judgment, plaintiff seeks a judgment in the amount of $1,993,605.63 with post-judgment interest to accrue pursuant to 28 U.S.C. § 1961. The declaration of John Baker and exhibits attached thereto support the entry of judgment in the amount requested.

## CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that:

1. Plaintiff's motion for default judgment (Doc. No. 16) against defendant be granted;

2. Judgment be entered against defendant in the amount of $1,993,605.63 with post-judgment interest to accrue pursuant to 28 U.S.C. § 1961.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 29, 2011

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE

JMM
lehman-shasta.def.cmk